Filed 9/3/24  P. v. Lopez CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B329802 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA459259) |
| v. | |
| DANIEL LOPEZ et al., | |
| Defendants and Appellants. | |

APPEAL from an order of the Superior Court of Los Angeles County, Shelly B. Torrealba, Judge.  Reversed with directions.

Lenore De Vita, under appointment by the Court of Appeal, for Defendant and Appellant Daniel Lopez.

Wayne C. Tobin, under appointment by the Court of Appeal, for Defendant and Appellant Jesus Arellano.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and David E. Madeo, Deputy Attorneys General for Plaintiff and Respondent.

_____

Daniel Lopez and Jesus Arellano were convicted by plea of certain crimes in 2019.  Their prison sentences included a one-year enhancement for prior prison terms under Penal Code section 667.5, subdivision (b).[1]  The prior prison terms were not for convictions of a sexually violent offense.  The Legislature thereafter enacted section 1172.75, which declares that such enhancements are "legally invalid" and provides a recall and resentencing procedure for incarcerated persons whose sentences include the invalid enhancements.  Lopez and Arellano petitioned the superior court to recall their sentences and to be resentenced under this statute.  The court denied the petitions, and the defendants appealed.

The Attorney General concedes that the defendants' prior prison enhancements are invalid, but argues that this court should strike the one-year enhancements from the sentences and otherwise affirm the judgment.  We disagree.  Section 1172.75 mandates the recall of the defendants' sentences and a full resentencing hearing, subject to the guidelines and requirements of the statute.

---

[1] Unspecified statutory references are to the Penal Code.

## FACTUAL AND PROCEDURAL SUMMARY

In September 2019, an information charged Lopez and Arellano with one count of willful, deliberate, and premediated attempted murder (§§ 187, subd. (a), 664), one count of shooting at an occupied vehicle (§ 246), and one count of assault with a semiautomatic firearm.  (§ 245, subd. (b).)  The information further alleged certain gang, firearm, and prison prior enhancements, and that each defendant had previously served at least one prison term for purposes of imposing a one-year enhancement under section 667.5, subdivision (b).  Lopez's alleged prior conviction is for possession of a controlled substance.  (Health & Saf. Code, § 11351.)  Arellano's alleged prior prison terms are for convictions of being a felon in possession of a firearm.  (§ 29800.)

Lopez and Arellano entered into plea agreements with the district attorney.  Lopez pleaded no contest to assault with a deadly weapon (§ 245, subd. (b)), and admitted allegations that the offense was committed for the benefit of a criminal street gang (§ 186.22, subd. (b)) and that he served a prior prison term (§ 667.5, subd. (b)).  Arellano pleaded no contest to attempted murder and admitted allegations that the offense was committed for the benefit of a criminal street gang (§ 186.22, subd. (b)) and that he had served a prior prison term (§ 667.5, subd. (b)).  The court accepted the pleas and found the defendants guilty.

On May 20, 2019, the court sentenced Lopez to a total term of 12 years in prison, comprised of six years for the conviction of assault with a deadly weapon, five years for the gang enhancement, and one year for the prior prison enhancement.  On the same date, the court sentenced Arellano to a total term of 16 years in prison, comprised of five years

3

for the attempted murder conviction, ten years for the gang enhancement, and one year for the prior prison enhancement. Pursuant to the plea agreements, the court dismissed the remaining counts.

In 2022, Lopez and Arellano filed motions to be resentenced pursuant to section 1172.75. They argued that the recent enactment of Senate Bill No. 483 (2021-2022 Reg. Sess.) rendered the one-year sentence enhancements for their prison priors legally invalid and required the court to resentence them accordingly. The prosecution opposed the motions on the ground that reducing their sentences by one year would endanger public safety.

After hearing arguments, the court denied the motions. The court explained that the defendants continue "to present a danger to public safety and a lesser sentence would endanger public safety."

Appellants each filed a timely notice of appeal.

## DISCUSSION

In 2019, the Legislature amended section 667.5, subdivision (b), effective January 1, 2020, to make the one-year prior prison sentence enhancement that would otherwise be imposed under that statute applicable only if the prior prison term is for a "sexually violent offense." (Sen. Bill No. 136 (2019-2020 Reg. Sess.) § 1.)

In 2021, the Legislature enacted the predecessor to section 1172.75 (Sen. Bill. No. 483 (2021-2022 Reg. Sess.) § 3), which provides that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in

4

subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid." (§ 1172.75, subd. (a).) The statute requires the Department of Corrections and Rehabilitation (CDCR) to identify each person serving a term of imprisonment that includes the invalid enhancement and inform the sentencing court no later than July 1, 2022. (§ 1172.75, subd. (b).) If the sentencing court verifies that the defendant's judgment includes the invalid enhancement, it "shall recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).)[2] The statute applies to sentences imposed pursuant to a plea agreement. (*People v. Hernandez* (2024) 103 Cal.App.5th 981, petn. for review pending, petn. filed Aug. 22, 2024, S286527; *People v. Carter* (2023) 97 Cal.App.5th 960, 972.)

Here, there is no dispute that Lopez and Arellano were sentenced before January 1, 2020, their sentences included the one-year enhancement for a prior prison conviction under section 667.5, and the prior prison convictions were not for a sexually violent offense. We therefore agree with the defendants and the Attorney General that the enhancements are "legally invalid." (§ 1172.75, subd. (a).) The trial court was therefore required to "recall the sentence[s] and resentence the

---

[2] The recall and resentencing process under section 1172.75 must be initiated by the CDCR, not the defendant. (*People v. Burgess* (2022) 86 Cal.App.5th 375, 383–384; *People v. Newell* (2023) 93 Cal.App.5th 265, 268.) Here, counsel for Lopez stated in a declaration that the CDCR identified Lopez as a person entitled to relief under the statute and so informed the court. Our record does not include a similar statement or other evidence with respect to Arellano. Nevertheless, there is no dispute that the matter was properly before the trial court.

defendant[s]" as provided in section 1172.75. (§ 1172.75, subd. (c).)

The Attorney General nonetheless contends that a further hearing is not required because we can simply direct the court to strike the invalid enhancements and reduce the defendants' sentences by one year. We disagree. When it applies, section 1172.75 requires the court to "recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).) Generally, "when a sentence is subject to recall, 'the resentencing court has jurisdiction to modify *every* aspect of the sentence, and not just the portion subjected to the recall.' " (*People v. Coddington* (2023) 96 Cal.App.5th 562, 568, quoting *People v. Buycks* (2018) 5 Cal.5th 857, 893.) This "general 'full sentencing rule' " applies to recalls under section 1172.75, subject to the statute's resentencing guidelines and requirements. (*Coddington, supra,* at p. 568; see *People v. Monroe* (2022) 85 Cal.App.5th 393, 402 [by "its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements"]; accord, *People v. Green* (Aug. 21, 2024, D082232) ___ Cal.App.5th ___ [2024 WL 3883517]; *People v. Garcia* (2024) 101 Cal.App.5th 848, 855; *People v. Montgomery* (2024) 100 Cal.App.5th 768, 773, review granted May 29, 2024, S284662; *Carter, supra,* 97 Cal.App.5th at p. 968.) The Attorney General does not cite any contrary authority.

In particular, the court, in resentencing the defendants, shall not impose "a longer sentence than the one originally imposed," and shall impose a lesser sentence "unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." (§ 1172.75, subd. (d)(1).) The court shall also apply the current sentencing rules and

6

"any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).) The court may also "consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (§ 1172.75, subd. (d)(3).) Lastly, the statute limits the court's ability to impose a sentence "exceeding the middle term." (§ 1172.75, subd. (d)(4).) These are matters the trial court must consider in this first instance. Here, the court, having determined that the defendants were not eligible to have their sentences recalled, never did so. It must do so at a resentencing hearing.

**DISPOSITION**

The order dated April 11, 2023, denying the defendants' requests for recall of their sentences and to be resentenced is reversed. The court shall enter a new order recalling the defendants' sentences and resentence defendants as provided in section 1172.75.

NOT TO BE PUBLISHED.

ROTHSCHILD, P. J.

We concur:

WEINGART, J.

KELLEY, J.*

---

\* Judge of the San Luis Obispo Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.